UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:1:24-cv-25009

T.L., individually, and
L.L., individually,

      Plaintiff,

Vs.

ROYAL CARIBBEAN CRUISES LTD., and
ARVIN JOSEPH MIRASOL, individually,

      Defendants.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiffs[1], T.L., individually, and L.L., individually, hereinafter referred to as "Plaintiffs," by and through undersigned counsel, hereby file this Complaint for Damages and sue the Defendants, ROYAL CARIBBEAN CRUISES LTD., and ARVIN JOSEPH MIRASOL, individually, and allege the following:

### PARTIES, JURISDICTION AND VENUE

1. This is an action for damages which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

2. Plaintiff, T.L., is a citizen and resident of the State of Florida, and is otherwise *sui juris*.

3. Plaintiff, L.L., is a citizen and resident of the State of Florida, and is otherwise *sui juris*.

---

[1] Due to the sensitive nature of the allegations referenced herein, the Plaintiffs are proceeding in this case using their initials rather than full names.  The names of each Plaintiff have been provided directly to Defendant, ROYAL CARIBBEAN CRUISES LTD., and are available, upon request, to counsel and/or parties.

-1-

4.   Defendant, ROYAL CARIBBEAN CRUISES LTD. (hereinafter referred to as "RCCL"), is a Liberian corporation with its principal place of business located in Miami, Miami-Dade County, Florida.

5.   Defendant, ARVIN JOSEPH MIRASOL (hereinafter referred to as "MIRASOL"), is a citizen and resident of the Republic of the Philippines.  MIRASOL was recently convicted for acts related to this matter and is currently serving his sentence at the Federal Detention Center of Miami.

6.   This matter is brought in the District Court for the Southern District, Florida pursuant to 28 U.S.C. 1333 and the venue selection clause of Plaintiff's Passenger Cruise Ticket/Contract with Defendant, CARNIVAL.

7.   Further, the causes of action asserted in this Complaint arise under the General Maritime Law of the United States and is a case subject to admiralty and maritime jurisdiction.

8.   At all times material hereto, the Defendant, RCCL, personally or through an agent:

   a.   Operated, conducted, engaged in or carried on business venture in this state and/or county or had an office or agency in this state and/or county;

   b.   Was engaged in substantial activity within this state;

   c.   Operated vessels in the waters of this state;

   d.   Committed one more of the acts stated in Florida Statutes, Sections 48.081, 48.181, or 48.193;

   e.   The acts of RCCL set out in this Complaint occurred in whole or in part in this county and/or state.

9.   At all material times, Defendant, RCCL has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiffs.

HALPERN | SANTOS | PINKERT
150 ALHAMBRA CIRCLE, SUITE 1100, CORAL GABLES, FL 33134
TEL. (305)445-1111 FAX (305)445-1169  TOLL FREE 1-877-529-6211 WWW.HSPTRIAL.COM

10. At all material times, Defendant, MIRASOL was a crewmember aboard a passenger cruise vessel operated by Defendant, RCCL, known as the "*Symphony of the Seas*," hereinafter referred to as the "Subject Vessel."

11. At all times material hereto, the *Symphony of the Seas* embarked and disembarked cruise passengers in Florida for voyages which began and ended in Florida, including the Plaintiffs' voyage described below.

12. At all times material hereto, the Defendant, MIRASOL, committed crimes during the subject cruise aboard the *Symphony of the Seas*, which are prohibited by the criminal laws of the United States and the laws of Florida.   MIRASOL ultimately entered a plea of guilty to violation of 18 U.S.C. §2251(a) and §2251(e), relating to the production of child pornography. *See United States v. Mirasol,* United States District Court, Southern District of Florida, Fort Lauderdale Division, Case No. 0:24-cr-60046-MD-1 [ECF 24, 35, 36].

13. The Defendant, MIRASOL was recently convicted by the United States for acts related to this matter and was sentenced to 30 years in prison. *See United States v. Mirasol*, Case No. 24-cr-60046-MD (S.D. Fla. August 28, 2024) [ECF No. 35].

14.  In the operative ticket contract, Defendant, RCCL requires fare paying passengers such as Plaintiffs to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

15.  Venue is also proper in this district because RCCL's, headquarters and principal place of business are located within this district.

16.  Plaintiffs have complied with all conditions precedent to maintaining this lawsuit. The controversy by and between Plaintiffs and Defendant, RCCL, that is the subject of this action should be decided by a trial by jury because both Plaintiffs and Defendant, RCCL, consented to

HALPERN | SANTOS | PINKERT
150 ALHAMBRA CIRCLE, SUITE 1100, CORAL GABLES, FL 33134
TEL. (305)445-1111 FAX (305)445-1169   TOLL FREE 1-877-529-6211 WWW.HSPTRIAL.COM

a trial by jury in the Ticket Contract and this Court lacks diversity jurisdiction over this action.

17. Additionally, the controversy by and between Plaintiffs and Defendant, RCCL CORPORATION, that is the subject of this action should be decided by a trial by jury because Federal Rule of Civil Procedure 39(c)(2) gives this Court the authority to try any issue in this action by a jury when the parties consent to a jury trial and the action is not against the United States and no federal statute governing this action provides for a nonjury trial.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

18. At all times material hereto, the Defendant, RCCL owned, operated, managed, maintained and/or controlled the *Symphony of the Seas* (the "Subject Vessel").

19. At all material times, RCCL operated the *Symphony of the Seas* as a passenger cruise vessel, providing cruises to fare paying passengers such as the Plaintiffs.

20. At all times material hereto, Defendant, RCCL employed and controlled Defendant, MIRASOL as a crewmember, specifically as a stateroom attendant aboard the *Symphony of the Seas*.

21. At all times material hereto, Defendant, MIRASOL was a member of the crew working as a stateroom attendant aboard the vessel and was acting in the course and scope of his employment.

22. The Plaintiffs were fare-paying passenger aboard the Subject Vessel from January 21st, 2024, through January 27th, 2024 (the "Subject Cruise"), which was then in navigable waters.

23. At all material times, RCCL assigned MIRASOL to serve as a stateroom attendant for Plaintiffs' stateroom(s) and accordingly provided him with access to their stateroom and controlled his stateroom access. RCCL provided MIRASOL a key card, employing its key card stateroom access system, to be used by MIRASOL in the course and scope of his stateroom

HALPERN | SANTOS | PINKERT
150 ALHAMBRA CIRCLE, SUITE 1100, CORAL GABLES, FL 33134
TEL. (305)445-1111 FAX (305)445-1169   TOLL FREE 1-877-529-6211 WWW.HSPTRIAL.COM

attendant duties, thereby enabling him to obtain access to the passenger staterooms RCCL had assigned him to clean and maintain. Accordingly, when MIRASOL accessed passenger staterooms, including Plaintiffs' stateroom, he was ostensibly acting in the course and scope of his employment as a stateroom attendant for RCCL, although as alleged below, his activities once he obtained access to the staterooms through the means provided by RCCL were not limited to acts within the course and scope of his employment.

24.  At all times material hereto, Plaintiffs had a reasonable expectation of privacy in their passenger stateroom, including the bathroom therein.

25.  During the Plaintiffs' cruise on board the *Symphony of the Seas*, Defendant, MIRASOL, upon information and belief, concealed a hidden video camera system inside the bathroom of the Plaintiffs' stateroom(s).  Using this system, he was able to capture and record images of the adult and/or minor Plaintiffs while undressed and engaging in private activities associated with use of a bathroom, without Plaintiffs' prior knowledge or consent.

26.  Upon information and belief, Defendant, MIRASOL, using the video camera and system he had concealed inside the bathroom of Plaintiffs' stateroom, transmitted and/or uploaded some of the private images of Plaintiffs referenced in the preceding paragraph to the Internet, without Plaintiffs' prior knowledge or consent.

27.  As a result of Defendant, MIRASOL's actions, Plaintiffs reasonably believe that images and/or videos of Plaintiffs, including the minor Plaintiffs, while undressed and/or engaging in private activities associated with use of a bathroom have been distributed broadly through the Internet. As a result of MIRASOL's acts and Plaintiffs' consequent reasonable beliefs regarding the past and likely indefinitely ongoing wide and uncontrollable distribution of their private images to strangers, Plaintiffs have suffered and will continue to suffer from severe emotional

HALPERN | SANTOS | PINKERT
150 ALHAMBRA CIRCLE, SUITE 1100, CORAL GABLES, FL 33134
TEL. (305)445-1111 FAX (305)445-1169   TOLL FREE 1-877-529-6211 WWW.HSPTRIAL.COM

distress.

28. On or about February 26, 2024, a concealed camera system placed by Defendant, MIRASOL was discovered in another passenger's stateroom bathroom on the *Symphony of the Seas*.

29. After the *Symphony of the Seas* arrived in Port Everglades on March 3, 2024, law enforcement investigated MIRASOL's activities and discovered in his possession numerous electronically stored photographs and videos of a pornographic nature, including child pornography. MIRASOL admitted that, since he began work as a stateroom attendant on board the *Symphony of the Seas*, he had on a repeated basis placed concealed camera systems in the passenger staterooms to which his position gave him access and had used these systems to record and view images and video of passengers in a state of undress and engaging in private activities in their bathrooms.

30. During a post Miranda interview, MIRASOL admitted to taping a video camera in the guests' bathrooms that he worked as a stateroom attendant. MIRASOL explained that he would place his camera in the bathroom, and he would "pleasure himself and masturbate" after retrieving the camera and viewing the videos. MIRASOL revealed that he has been placing these cameras in the bathrooms since he started working on *Symphony of the Seas* around December 2023. MIRASOL also stated that while the guests were taking a shower, he would enter the rooms and hide under the bed while recording them naked with his cellular device. ultimately entered a plea of guilty to violations of 18 U.S.C. §2251(a) and §2251(e), relating to the production of child pornography. *See United States v. Mirasol*, United States District Court, Southern District of Florida, Fort Lauderdale Division, Case No. 0:24-cr-60046-MD-1 [ECF 23, 24, 35, 36].

31. At all times material hereto, RCCL knew or should have known sexual assaults of

HALPERN | SANTOS | PINKERT

150 ALHAMBRA CIRCLE, SUITE 1100, CORAL GABLES, FL 33134

TEL. (305)445-1111 FAX (305)445-1169  TOLL FREE 1-877-529-6211 WWW.HSPTRIAL.COM

passengers were reasonably foreseeable considering the prevalence of sexual assaults aboard RCCL's cruise ships. Pursuant to the Secretary of Transportation's statistical compilation of shipboard incidents, there were a total of 26 sexual assaults and rapes reported during RCCL cruises in 2023; and 22 sexual assaults reported during RCCL cruises in 2022. These shipboard incidents are reported by RCCL directly to the Secretary of Transportation and/or the Federal Bureau of Investigation pursuant to the Cruise Vessel Security and Safety Act of 2010.

32. Furthermore, the overall data concerning sexual assaults aboard cruise ships reported to the Secretary of Transportation and/or the Federal Bureau of Investigation show that sexual assault *allegations* on cruise ships rose in 2023, with 131 sex crimes reported to the Federal Bureau of Investigation in 2023 on ships embarking and disembarking in the United States, up from 87 in 2022 and 101 in 2019.

33. Additionally, the Eleventh Circuit Court of Appeal previously referenced the required reporting of RCCL's sexual assaults to the Secretary of Transportation and/or the Federal Bureau of Investigation and acknowledged "that Royal Caribbean was on notice a decade before [plaintiff's] cruise that sexual assaults on cruise ships were a serious problem." *K.T. v. Royal Caribbean Cruises, Ltd.*, 931 F.3d 1041, 1049 (11th Cir. 2019) (citing *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204 (11th Cir. 2011)).

34. Furthermore, from April 30, 2023 through May 1, 2023, a hidden Wi-Fi camera was surreptitiously installed in a public bathroom on the top deck of RCCL's cruise ship, *Harmony of the Seas*, during a cruise which left Miami on April 29, 2023. That hidden camera recorded more than 150 people using the Royal Caribbean bathroom, including at least 40 minor children, in various stages of undress, until the hidden camera was discovered by a passenger on May 1, 2023 at 7:00PM and reported to the ship's security aboard the *Harmony of the Seas*.

HALPERN | SANTOS | PINKERT
150 ALHAMBRA CIRCLE, SUITE 1100, CORAL GABLES, FL 33134
TEL. (305)445-1111 FAX (305)445-1169  TOLL FREE 1-877-529-6211 WWW.HSPTRIAL.COM

35.   Accordingly, at all times material hereto, RCCL was aware of prior instances of sexual assaults, including video voyeurism occurring aboard RCCL cruise ships in the immediate year prior to the subject incident.  Yet RCCL failed to take adequate steps and/or provide adequate security and/or training and/or supervision to prevent such sexual assaults, including video voyeurism, to occur aboard its cruise ships.  Furthermore, RCCL failed to warn its passengers of sexual assaults, including video voyeurism, occurring aboard its cruise ships.  RCCL's motive for failing to warn its passengers is financial in nature; that is, RCCL willfully chooses not to warn its passengers about sexual assaults, including video voyeurism, aboard its cruise ships so as not to scare any prospective passengers away.  And RCCL willfully chooses not to fortify its onboard security detail so as to thwart sexual assaults, including video voyeurism, aboard its cruise ships, because to do so would require RCCL to increase security spending and to divert berths reserved for passengers to accommodate additional security aboard its ships, thereby reducing revenue and profits.  Such willful and outrageous conduct on the part of the Defendant exposes Defendant to punitive damages. *See Lobegeiger v. Celebrity Cruises, Inc.*, 11-21620, 2011 WL 3703329 (S.D. Fla Aug. 23, 2011).

## COUNT I – INVASION OF PRIVACY AGAINST MIRASOL

36.   The Plaintiffs readopt and reallege Paragraph 1 through 35 as fully as if said paragraphs were restated herein.

37.   During the Plaintiffs' cruise onboard the Subject Vessel, the Defendant, RCCL, assigned Plaintiffs passenger cabin(s), which were intended and used as a private area for the Plaintiffs' use.

38.   During the subject cruise, Defendant, MIRASOL intentionally and surreptitiously hid a camera in the cabin bathroom(s) of the Plaintiffs, while working as a stateroom attendant, for

HALPERN | SANTOS | PINKERT
150 ALHAMBRA CIRCLE, SUITE 1100, CORAL GABLES, FL 33134
TEL. (305)445-1111 FAX (305)445-1169   TOLL FREE 1-877-529-6211 WWW.HSPTRIAL.COM

the purpose of capturing images of the Plaintiffs either fully or partially undressed and engaging in private activities in the cabin bathroom, for his own use and/or to distribute and upload to the world wide web.

39.   During the subject cruise, while Plaintiffs were taking a shower, MIRASOL entered the Plaintiffs' passenger cabin(s) and hid under a bed and recorded Plaintiffs with his cellular device, for the purpose of capturing images of the Plaintiffs either fully and/or partially undressed and engaging in private activities in the cabin bathroom, for his own use and/or to distribute and upload to the world wide web.

40.   At all times material hereto, Defendant, MIRASOL's conduct as alleged above constituted an intentional intrusion upon the solitude or seclusion of the Plaintiffs, and upon their private affairs or concerns, and was thereby highly offensive to Plaintiffs and to reasonable persons in the position of the Plaintiffs.

41.   Defendant, MIRASOL's conduct as alleged above caused severe emotional distress to the Plaintiffs, which is continuing and more likely than not will continue indefinitely

42.   As a direct and proximate result of the tortious actions of the Defendant, MIRASOL, the Plaintiffs have suffered and will continue to suffer mental anguish, physical pain, loss of enjoyment of life, post-traumatic stress disorder, and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical and health care expenses in the care and treatment of Plaintiffs' injuries in the past, future medical and health care expenses reasonably certain to be incurred, suffered handicap, and lost earnings and lost earning capacity, both in the past and future. The injuries are permanent and continuing in nature and Plaintiffs will suffer the losses and impairments in the future.

**WHEREFORE,** Plaintiffs demand judgment against Defendant MIRASOL for compensatory

HALPERN | SANTOS | PINKERT
150 ALHAMBRA CIRCLE, SUITE 1100, CORAL GABLES, FL 33134
TEL. (305)445-1111 FAX (305)445-1169   TOLL FREE 1-877-529-6211 WWW.HSPTRIAL.COM

and punitive damages and the costs of this action, and further demand and demand trial by jury.

## COUNT II – VICARIOUS STRICT LIABILITY FOR
## INVASION OF PRIVACY AGAINST RCCL

43.   The Plaintiffs readopt and reallege Paragraph 1 through 35 as fully as if said paragraphs were restated herein.

44.   During the Plaintiffs' cruise onboard the Subject Vessel, the Defendant, RCCL, assigned Plaintiffs passenger cabin(s), which were intended and used as a private area for the Plaintiffs' use.

45.   During the subject cruise, Defendant, MIRASOL intentionally and surreptitiously hid a camera in the cabin bathroom(s) of the Plaintiffs, while working as a stateroom attendant, for the purpose of capturing images of the Plaintiffs either fully or partially undressed and engaging in private activities in the cabin bathroom, for his own use and/or to distribute and upload to the world wide web.

46.   During the subject cruise, while Plaintiffs were taking a shower, MIRASOL entered the Plaintiffs' passenger cabin(s) and hid under a bed and recorded Plaintiffs with his cellular device, for the purpose of capturing images of the Plaintiffs either fully and/or partially undressed and engaging in private activities in the cabin bathroom, for his own use and/or to distribute and upload to the world wide web.

47.  At all times material hereto, Defendant, MIRASOL's conduct as alleged above constituted an intentional intrusion upon the solitude or seclusion of the Plaintiffs, and upon their private affairs or concerns, and was thereby highly offensive to Plaintiffs and to reasonable persons in the position of the Plaintiffs.

48.   Defendant, MIRASOL's conduct as alleged above caused severe emotional distress to the Plaintiffs, which is continuing and more likely than not will continue indefinitely

HALPERN | SANTOS | PINKERT
150 ALHAMBRA CIRCLE, SUITE 1100, CORAL GABLES, FL 33134
TEL. (305)445-1111 FAX (305)445-1169  TOLL FREE 1-877-529-6211 WWW.HSPTRIAL.COM

49. At all times material hereto, MIRASOL was hired, retained and/or employed by RCCL

50. At all times material hereto, MIRASOL was a member of the crew aboard the vessel owned and/or operated by RCCL.

51. At all material times RCCL under applicable maritime law was and is vicariously liable for any intentional tortious acts of crewmembers or employees committed upon fare- paying passengers voyaging on an RCCL vessel such as the *Symphony of the Seas,* specifically including the acts MIRASOL committed against the Plaintiffs as alleged above.

52. As a direct and proximate result of the tortious actions of the Defendant, MIRASOL, for which the Defendant, RCCL is vicariously liable, the Plaintiffs have suffered and will continue to suffer mental anguish, physical pain, loss of enjoyment of life, post-traumatic stress disorder, and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical and health care expenses in the care and treatment of Plaintiffs' injuries in the past, future medical and health care expenses reasonably certain to be incurred, suffered handicap, and lost earnings and lost earning capacity, both in the past and future. The injuries are permanent and continuing in nature and Plaintiffs will suffer the losses and impairments in the future.

**WHEREFORE,** Plaintiffs demand judgment against Defendant, RCCL for compensatory and punitive damages and the costs of this action, and further demand and demand trial by jury.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST MIRASOL

53. The Plaintiffs readopt and reallege Paragraph 1 through 35 as fully as if said paragraphs were restated herein.

54. During the Plaintiffs' cruise onboard the Subject Vessel, the Defendant, RCCL,

HALPERN | SANTOS | PINKERT
150 ALHAMBRA CIRCLE, SUITE 1100, CORAL GABLES, FL 33134
TEL. (305)445-1111 FAX (305)445-1169 TOLL FREE 1-877-529-6211 WWW.HSPTRIAL.COM

assigned Plaintiffs passenger cabin(s), which were intended and used as a private area for the Plaintiffs' use.

55. During the subject cruise, Defendant, MIRASOL intentionally and surreptitiously hid a camera in the cabin bathroom(s) of the Plaintiffs, while working as a stateroom attendant, for the purpose of capturing images of the Plaintiffs either fully or partially undressed and engaging in private activities in the cabin bathroom, for his own use and/or to distribute and upload to the world wide web.

56. During the subject cruise, while Plaintiffs were taking a shower, MIRASOL entered the Plaintiffs' passenger cabin(s) and hid under a bed and recorded Plaintiffs with his cellular device, for the purpose of capturing images of the Plaintiffs either fully and/or partially undressed and engaging in private activities in the cabin bathroom, for his own use and/or to distribute and upload to the world wide web.

57. At all material times, Defendant, MIRASOL's conduct as alleged above was extreme and outrageous.

58. At all material times, Defendant, MIRASOL's conduct as alleged above was committed intentionally and/or with a reckless disregard for the probability of causing Plaintiffs severe emotional distress.

59. The Defendant, MIRASOL's intentional extreme and outrageous conduct toward Plaintiffs, once discovered by Plaintiffs, caused severe emotional distress to the Plaintiffs, which is continuing and more likely than not will continue indefinitely.

60. The Plaintiffs' severe emotional distress caused by the Defendant, MIRASOL, manifested itself physically, causing the Plaintiffs' physical sickness, sweating, nausea, insomnia, dizziness, crying, and physical pain, thereby causing physical impact to the Plaintiffs.

HALPERN | SANTOS | PINKERT
150 ALHAMBRA CIRCLE, SUITE 1100, CORAL GABLES, FL 33134
TEL. (305)445-1111 FAX (305)445-1169  TOLL FREE 1-877-529-6211 WWW.HSPTRIAL.COM

61. As a direct and proximate result of the tortious actions of the Defendant, MIRASOL, the Plaintiffs have suffered and will continue to suffer mental anguish, physical pain, loss of enjoyment of life, post-traumatic stress disorder, and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical and health care expenses in the care and treatment of Plaintiffs' injuries in the past, future medical and health care expenses reasonably certain to be incurred, suffered handicap, and lost earnings and lost earning capacity, both in the past and future. The injuries are permanent and continuing in nature and Plaintiffs will suffer the losses and impairments in the future.

**WHEREFORE,** Plaintiffs demand judgment against Defendant MIRASOL for compensatory and punitive damages and the costs of this action, and further demand and demand trial by jury.

## COUNT IV – VICARIOUS LIABILITY FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST RCCL

62. The Plaintiffs readopt and reallege Paragraph 1 through 35 as fully as if said paragraphs were restated herein.

63. During the Plaintiffs' cruise onboard the Subject Vessel, the Defendant, RCCL, assigned Plaintiffs passenger cabin(s), which were intended and used as a private area for the Plaintiffs' use.

64. During the subject cruise, Defendant, MIRASOL intentionally and surreptitiously hid a camera in the cabin bathroom(s) of the Plaintiffs, while working as a stateroom attendant, for the purpose of capturing images of the Plaintiffs either fully or partially undressed and engaging in private activities in the cabin bathroom, for his own use and/or to distribute and upload to the world wide web.

65. During the subject cruise, while Plaintiffs were taking a shower, MIRASOL entered the Plaintiffs' passenger cabin(s) and hid under a bed and recorded Plaintiffs with his cellular

-13-

device, for the purpose of capturing images of the Plaintiffs either fully and/or partially undressed and engaging in private activities in the cabin bathroom, for his own use and/or to distribute and upload to the world wide web.

66. At all material times, Defendant, MIRASOL's conduct as alleged above was extreme and outrageous.

67. At all material times, Defendant, MIRASOL's conduct as alleged above was committed intentionally and/or with a reckless disregard for the probability of causing Plaintiffs severe emotional distress.

68. The Defendant, MIRASOL's intentional extreme and outrageous conduct toward Plaintiffs, once discovered by Plaintiffs, caused severe emotional distress to the Plaintiffs, which is continuing and more likely than not will continue indefinitely.

69. The Plaintiffs' severe emotional distress caused by the Defendant, MIRASOL, manifested itself physically, causing the Plaintiffs' physical sickness, sweating, nausea, insomnia, dizziness, crying, and physical pain, thereby causing physical impact to the Plaintiffs.

70. At all times material hereto, MIRASOL was hired, retained and/or employed by RCCL.

71. At all times material hereto, MIRASOL was a member of the crew aboard the vessel owned and/or operated by RCCL.

72. At all material times RCCL under applicable maritime law was and is vicariously liable for any intentional tortious acts of crewmembers or employees committed upon fare- paying passengers voyaging on an RCCL vessel such as the *Symphony of the Seas,* specifically including the acts MIRASOL committed against the Plaintiffs as alleged above.

73. As a direct and proximate result of the tortious actions of the Defendant, MIRASOL, for which the Defendant, RCCL is vicariously liable, the Plaintiffs have suffered and will continue

HALPERN | SANTOS | PINKERT
150 ALHAMBRA CIRCLE, SUITE 1100, CORAL GABLES, FL 33134
TEL. (305)445-1111 FAX (305)445-1169  TOLL FREE 1-877-529-6211 WWW.HSPTRIAL.COM

to suffer mental anguish, physical pain, loss of enjoyment of life, post-traumatic stress disorder, and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical and health care expenses in the care and treatment of Plaintiffs' injuries in the past, future medical and health care expenses reasonably certain to be incurred, suffered handicap, and lost earnings and lost earning capacity, both in the past and future. The injuries are permanent and continuing in nature and Plaintiffs will suffer the losses and impairments in the future.

**WHEREFORE,** Plaintiffs demand judgment against Defendant RCCL for compensatory and punitive damages and the costs of this action, and further demand and demand trial by jury.

## COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST MIRASOL

74.   The Plaintiffs readopt and reallege Paragraph 1 through 35 as fully as if said paragraphs were restated herein.

75.   During the Plaintiffs' cruise onboard the Subject Vessel, the Defendant, RCCL, assigned Plaintiffs passenger cabin(s), which were intended and used as a private area for the Plaintiffs' use.

76.   During the subject cruise, Defendant, MIRASOL intentionally and surreptitiously hid a camera in the cabin bathroom(s) of the Plaintiffs, while working as a stateroom attendant, for the purpose of capturing images of the Plaintiffs either fully or partially undressed and engaging in private activities in the cabin bathroom, for his own use and/or to distribute and upload to the world wide web.

77.   During the subject cruise, while Plaintiffs were taking a shower, MIRASOL entered the Plaintiffs' passenger cabin(s) and hid under a bed and recorded Plaintiffs with his cellular device, for the purpose of capturing images of the Plaintiffs either fully and/or partially

-15-

undressed and engaging in private activities in the cabin bathroom, for his own use and/or to distribute and upload to the world wide web.

78. At all times material hereto, MIRASOL'S intrusions into Plaintiffs' cabin(s) were committed negligently and/or with a failure to exercise reasonable care for the Plaintiffs.

79. The Defendant, MIRASOL'S aforementioned acts, once discovered by Plaintiffs, caused severe emotional distress to the Plaintiffs.

80. The Plaintiffs' severe emotional distress caused by the Defendant, MIRASOL, manifested itself physically, causing the Plaintiffs' physical sickness, sweating, nausea, insomnia, dizziness, crying, and physical pain, thereby causing physical impact to the Plaintiffs.

81. As a direct and proximate result of the negligent infliction of emotional distress by the Defendant, MIRASOL, the Plaintiffs have suffered and will continue to suffer mental anguish, physical pain, loss of enjoyment of life, post-traumatic stress disorder, and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical and health care expenses in the care and treatment of Plaintiffs' injuries in the past, future medical and health care expenses reasonably certain to be incurred, suffered handicap, and lost earnings and lost earning capacity, both in the past and future. The injuries are permanent and continuing in nature and Plaintiffs will suffer the losses and impairments in the future.

**WHEREFORE,** Plaintiffs demand judgment against Defendant MIRASOL for compensatory and punitive damages and the costs of this action, and further demand and demand trial by jury.

## COUNT VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST RCCL

82. The Plaintiffs readopt and reallege Paragraph 1 through 35 as fully as if said paragraphs were restated herein.

83. During the Plaintiffs' cruise onboard the Subject Vessel, the Defendant, RCCL,

-16-

HALPERN | SANTOS | PINKERT
150 ALHAMBRA CIRCLE, SUITE 1100, CORAL GABLES, FL 33134
TEL. (305)445-1111 FAX (305)445-1169   TOLL FREE 1-877-529-6211 WWW.HSPTRIAL.COM

assigned Plaintiffs passenger cabin(s), which were intended and used as a private area for the Plaintiffs' use.

84. During the subject cruise, Defendant, MIRASOL intentionally and surreptitiously hid a camera in the cabin bathroom(s) of the Plaintiffs, while working as a stateroom attendant, for the purpose of capturing images of the Plaintiffs either fully or partially undressed and engaging in private activities in the cabin bathroom, for his own use and/or to distribute and upload to the world wide web.

85. During the subject cruise, while Plaintiffs were taking a shower, MIRASOL entered the Plaintiffs' passenger cabin(s) and hid under a bed and recorded Plaintiffs with his cellular device, for the purpose of capturing images of the Plaintiffs either fully and/or partially undressed and engaging in private activities in the cabin bathroom, for his own use and/or to distribute and upload to the world wide web.

86. At all times material hereto, MIRASOL'S intrusions into Plaintiffs' cabin(s) were committed negligently and/or with a failure to exercise reasonable care for the Plaintiffs.

87. The Defendant, MIRASOL'S aforementioned acts, once discovered by Plaintiffs, caused severe emotional distress to the Plaintiffs.

88. The Plaintiffs' severe emotional distress caused by the Defendant, MIRASOL, manifested itself physically, causing the Plaintiffs' physical sickness, sweating, nausea, insomnia, dizziness, crying, and physical pain, thereby causing physical impact to the Plaintiffs.

89. At all times material hereto, MIRASOL was hired, retained and/or employed by RCCL

90. At all times material hereto, MIRASOL was a member of the crew aboard the vessel owned and/or operated by RCCL.

91. At all times material hereto, RCCL acted negligently and its negligence permitted

HALPERN | SANTOS | PINKERT
150 ALHAMBRA CIRCLE, SUITE 1100, CORAL GABLES, FL 33134
TEL. (305)445-1111 FAX (305)445-1169   TOLL FREE 1-877-529-6211 WWW.HSPTRIAL.COM

MIRASOL to perform the aforementioned acts, through RCCL's failure to:

    a.   Adequately vet and investigate MIRASOL before hiring MIRASOL;

    b.   Adequately train MIRASOL;

    c.   Adequately supervise MIRASOL;

    d.   Adequately inspect Plaintiffs' and all others similarly situated cabins;

    e.   Adequately inspect and screen for cameras and other electronic devices which may be mounted to walls and/or fixtures and used to surreptitiously capture images of passengers without their prior knowledge and consent;

    f.   Utilize a hidden camera detector to search passenger cabins;

    g.   Make hidden camera detectors available to passengers to search passenger cabins after warning passengers of RCCL's prior incident(s) involving sexual assaults, including hidden cameras;

    h.   Provide adequate security aboard the vessel;

    i.   Adequately train security aboard the vessel;

    j.   Promulgate and enforce adequate policies and procedures to prevent video voyeurism aboard the vessel;

    k.   Promulgate and enforce adequate policies and procedures to inspect passenger cabins for hidden cameras, as both a preventative measure to deter the placement of hidden cameras in passenger cabins, as well as a protective measure to discover hidden cameras placed in passenger cabins;

    l.   Promulgate and enforce adequate policies and procedures to inspect crew cabins for contraband, including cameras which can be hidden in passenger cabins and illicit digital images on digital media and memory physically located in crew

HALPERN | SANTOS | PINKERT
150 ALHAMBRA CIRCLE, SUITE 1100, CORAL GABLES, FL 33134
TEL. (305)445-1111 FAX (305)445-1169   TOLL FREE 1-877-529-6211 WWW.HSPTRIAL.COM

cabins;

m. Promulgate and enforce adequate policies and procedures with regard to conducting adequate interviews, assessments, background checks, peer reviews, investigations, confirmation of recommendations, and other enhanced vetting of employee crewmembers with direct access to passenger cabins.

92. As a direct and proximate result of the negligent infliction of emotional distress by the Defendant, RCCL, the Plaintiffs have suffered and will continue to suffer mental anguish, physical pain, loss of enjoyment of life, post-traumatic stress disorder, and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical and health care expenses in the care and treatment of Plaintiffs' injuries in the past, future medical and health care expenses reasonably certain to be incurred, suffered handicap, and lost earnings and lost earning capacity, both in the past and future. The injuries are permanent and continuing in nature and Plaintiffs will suffer the losses and impairments in the future.

**WHEREFORE,** Plaintiffs demand judgment against Defendant RCCL for compensatory and punitive damages and the costs of this action, and further demand and demand trial by jury.

## COUNT VII – NEGLIGENT SECURITY AGAINST RCCL

93. The Plaintiffs readopt and reallege Paragraph 1 through 35 as fully as if said paragraphs were restated herein.

94. At all times material hereto, it was the duty of RCCL to provide the Plaintiffs with reasonable care under the circumstances while Plaintiffs were passengers aboard the vessel.

95. At all times material hereto, it was the duty of RCCL to provide reasonable security and/or implement reasonable security measures aboard the vessel.

96. At all times material hereto, RCCL voluntarily undertook and/or assumed the duty of

HALPERN | SANTOS | PINKERT
150 ALHAMBRA CIRCLE, SUITE 1100, CORAL GABLES, FL 33134
TEL. (305)445-1111 FAX (305)445-1169   TOLL FREE 1-877-529-6211 WWW.HSPTRIAL.COM

security by retaining crewmembers to serve as security officers about the vessel and/or advertising its onboard security.  For instance, as the Eleventh Circuit recognized in the case of *K.T.*, Defendant "assures all who are thinking of sailing with it that 'the safety and security of our guests and crew is our highest priority and fundamental to our operations.' It boasts that it 'is committed to preventing illegal activity,' and '[d]uring each voyage, we remain dedicated to safeguarding our guests and crew.' And it promises that the ship's Captain 'will take appropriate action to ensure the safety, security and wellbeing of our guests.'" *K.T.*, 931 F.3d at 1047.

97.   During the subject cruise, RCCL and/or its agents, servants and/or employees breached its duty to the Plaintiffs and all others similarly situated through its failure to:

    a.  Provide adequate supervision and/or security aboard the vessel, including, but not limited to, supervising stateroom attendants and/or inspecting passenger cabins for hidden cameras;

    b.  Provide adequate supervision and/or security to protect passengers aboard the vessel;

    c.  Provide adequate supervision and/or security presence aboard the vessel and/or perform random surprise inspections of passenger cabins following stateroom attendants' work in passenger cabins, so as to deter video voyeurism aboard the vessel;

    d.  Adequately supervise individuals working aboard the vessel to ensure they do not engage in video voyeurism aboard the vessel;

    e.  Adequately inspect crew cabins aboard the vessel for contraband, including cameras, which can be hidden in passenger cabins and illicit digital images on digital media and memory physically located in crew cabins;

HALPERN | SANTOS | PINKERT
150 ALHAMBRA CIRCLE, SUITE 1100, CORAL GABLES, FL 33134
TEL. (305)445-1111 FAX (305)445-1169   TOLL FREE 1-877-529-6211 WWW.HSPTRIAL.COM

f. Utilize a hidden camera detector to search passenger cabins;

g. Make hidden camera detectors available to passengers to search passenger cabins after warning passengers of RCCL's prior incident(s) involving sexual assaults, including hidden cameras;

h. Maintain and/or monitor security cameras on the vessel in order to identify potentially dangerous situations, incidents, and/or contraband being brought into passenger cabins, such as a camera which can be mounted to a wall or fixture;

i. Promulgate and enforce adequate policies and procedures to prevent video voyeurism aboard the vessel;

j. Promulgate and enforce adequate policies and procedures to inspect passenger cabins for hidden cameras, as both a preventative measure to deter the placement of hidden cameras in passenger cabins; as well as a protective measure to discover hidden cameras placed in passenger cabins;

k. Promulgate and enforce adequate policies and procedures to inspect crew cabins for contraband, including cameras which can be hidden in passenger cabins and illicit digital images on digital media and memory physically located in crew cabins;

l. Promulgate and enforce adequate policies and procedures with regard to conducting adequate interviews, assessments, background checks, peer reviews, investigations,

confirmation of recommendations, and other enhanced vetting of employee crewmembers with direct access to passenger cabins;

m. Failure to have adequate security aboard the vessel in terms of numbers and/or

HALPERN | SANTOS | PINKERT
150 ALHAMBRA CIRCLE, SUITE 1100, CORAL GABLES, FL 33134
TEL. (305)445-1111 FAX (305)445-1169   TOLL FREE 1-877-529-6211 WWW.HSPTRIAL.COM

training and/or experience;

n.   Failure to adequately train security;

o.   Failure to adequately supervise security.

98.   The above acts and/or omissions caused and/or contributed to the subject incident because, had RCCL provided reasonable security and/or implemented reasonable security measures consistent with the foregoing, MIRASOL would not have been able to engage in an ongoing scheme to hide cameras in the cabin bathrooms of the passenger cabins for which he served as a stateroom attendant for months, including the Plaintiffs.

99.   At all times material hereto, RCCL knew or should have known of the foregoing conditions and conduct resulting in the subject video voyeurism of the Plaintiffs and did not correct them, or the conditions and conduct existed for a sufficient length of time so that RCCL, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  This knowledge was or should have been acquired through prior incidents of sexual assault and video voyeurism aboard RCCL's cruise ships, which did or should have revealed that further instances of sexual assault, including video voyeurism, was reasonably foreseeable, including, but not limited to, the allegations contained in paragraphs 31-35.  In addition, RCCL was on notice and/or created the dangerous conditions by the lack of warnings and/or supervision and/or security and/or training.

100. As a direct and proximate result of the negligence by the Defendant, RCCL, the Plaintiffs have suffered and will continue to suffer mental anguish, physical pain, loss of enjoyment of life, post-traumatic stress disorder, and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical and health care expenses in the care and treatment of Plaintiffs' injuries in the past, future medical and health

HALPERN | SANTOS | PINKERT
150 ALHAMBRA CIRCLE, SUITE 1100, CORAL GABLES, FL 33134
TEL. (305)445-1111 FAX (305)445-1169   TOLL FREE 1-877-529-6211 WWW.HSPTRIAL.COM

care expenses reasonably certain to be incurred, suffered handicap, and lost earnings and lost earning capacity, both in the past and future. The injuries are permanent and continuing in nature and Plaintiffs will suffer the losses and impairments in the future.

**WHEREFORE,** Plaintiffs demand judgment against Defendant RCCL for compensatory and punitive damages and the costs of this action, and further demand and demand trial by jury.

## COUNT VIII – GENERAL NEGLIGENCE AGAINST RCCL

101. The Plaintiffs readopt and reallege Paragraph 1 through 35 as fully as if said paragraphs were restated herein.

102. At all times material hereto, it was the duty of RCCL to provide the Plaintiffs with reasonable care under the circumstances while Plaintiffs were passengers aboard the vessel.

103. During the subject cruise, Defendant, its agents and/or employees, breached its duty to exercise reasonable care, through its failure to:

    a.  Provide reasonably safe conditions for the Plaintiffs and all others similarly situated during the voyage aboard the vessel (reasonably safe conditions include, but are not limited to, preventing an atmosphere wherein persons could target and/or sexually assault passengers, including but not limited to, hiding cameras in passenger staterooms);

    b.  Promulgate and/or enforce adequate policies and/or procedures designed to prevent individuals working aboard the vessel from being able to bring cameras into passenger staterooms so that they can be hidden;

    c.  Adequately train individuals working aboard the vessel;

    d.  Adequately supervise individuals working aboard the vessel;

    e.  Implement and/or enforce an adequate safety management system (SMS);

HALPERN | SANTOS | PINKERT
150 ALHAMBRA CIRCLE, SUITE 1100, CORAL GABLES, FL 33134
TEL. (305)445-1111 FAX (305)445-1169   TOLL FREE 1-877-529-6211 WWW.HSPTRIAL.COM

f.  Advise and warn passengers of the need to inspect their passenger cabins for hidden cameras;

g.  Utilize a hidden camera detector to search passenger cabins;

h.  Make hidden camera detectors available to passengers to search passenger cabins after warning passengers of RCCL prior incident(s) involving sexual assault, including hidden camera;

i.  Adequately interview, assess, conduct background checks, obtain peer reviews, investigate, confirm recommendations, and conduct other enhanced vetting of employee crewmembers with direct access to passenger cabins;

j.  Promulgate and enforce adequate policies and procedures to interview, assess, conduct background checks, obtain peer reviews, investigate, confirm recommendations, and conduct other enhanced vetting of employee crewmembers with direct access to passenger cabins.

104. The above acts and/or omissions caused and/or contributed to the subject incident because, had RCCL not failed to provide the foregoing, MIRASOL would not have been able to engage in an ongoing scheme to hide cameras in the cabin bathrooms of the passenger cabins for which he served as a stateroom attendant for months, including the Plaintiffs' cabin(s).

105. At all times material hereto, RCCL knew or should have known of the foregoing conditions and conduct resulting in the subject video voyeurism of the Plaintiffs and did not correct them, or the conditions and conduct existed for a sufficient length of time so that RCCL, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through prior incidents of sexual assault and video voyeurism aboard RCCL's cruise ships, which did or should have

-24-

HALPERN | SANTOS | PINKERT
150 ALHAMBRA CIRCLE, SUITE 1100, CORAL GABLES, FL 33134
TEL. (305)445-1111 FAX (305)445-1169   TOLL FREE 1-877-529-6211 WWW.HSPTRIAL.COM

revealed that further instances of sexual assault, including video voyeurism, was reasonably foreseeable, including, but not limited to, the allegations contained in paragraphs 31-35. In addition, RCCL was on notice and/or created the dangerous conditions by the lack of warnings and/or supervision and/or security and/or training.

106. As a direct and proximate result of the negligence by the Defendant, RCCL, the Plaintiffs have suffered and will continue to suffer mental anguish, physical pain, loss of enjoyment of life, post-traumatic stress disorder, and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical and health care expenses in the care and treatment of Plaintiffs' injuries in the past, future medical and health care expenses reasonably certain to be incurred, suffered handicap, and lost earnings and lost earning capacity, both in the past and future. The injuries are permanent and continuing in nature and Plaintiffs will suffer the losses and impairments in the future.

**WHEREFORE,** Plaintiffs demand judgment against Defendant RCCL for compensatory and punitive damages and the costs of this action, and further demand and demand trial by jury.

Dated: December 20, 2024.

Respectfully submitted,

By:  *s/ Jay Halpern, Esquire*
Jay Halpern, Esq.
Fla. Bar No.: 260576
Halpern Santos & Pinkert, P.A.
150 Alhambra Circle, Suite 1100
Coral Gables, FL  33134
E-mail: ian@hsptrial.com
Telephone (305) 445-1111
Facsimile (305) 445-1169
*Attorneys for Plaintiffs*

HALPERN | SANTOS | PINKERT
150 ALHAMBRA CIRCLE, SUITE 1100, CORAL GABLES, FL 33134
TEL. (305)445-1111 FAX (305)445-1169   TOLL FREE 1-877-529-6211 WWW.HSPTRIAL.COM

HALPERN | SANTOS | PINKERT

150 ALHAMBRA CIRCLE, SUITE 1100, CORAL GABLES, FL 33134

TEL. (305)445-1111 FAX (305)445-1169   TOLL FREE 1-877-529-6211 WWW.HSPTRIAL.COM